### KING *vs.* PATE.

That intestate sold certain personalty of complainant, agreeing to invest the proceeds in a home for her, but, instead, bought property in his own name, and his administrator has disposed thereof, rendering identification impossible, gives no ground for equitable relief.  Remedy at law complete.

Equity.    Before Judge HARRIS.    Dooly Superior Court. September Term, 1877.

Reported in the decision.

J. L. TOOLE; C. C. DUNCAN, by brief, for plaintiff in error.

S. HALL; J. H. WOODWARD; W. IRA BROWN, for defendant.

WARNER, Chief Justice.

The complainant alleged in her bill, that J. A. G. King, the defendant's intestate, on the 14th of December, 1866, by her permission, sold certain personal property of hers, to the amount of $322.85, which sum she allowed him to keep, with the express understanding and agreement, that he would invest the same in a home for complainant, and stock to work it, in the county of Dooly, which he failed to do, but fraudulently purchased land and stock with it, and took the title thereto in his own name, and it is now impossible for her to trace the property so purchased by him with said fund; that the defendant, as administrator, has sold all the property of his intestate; wherefore she prays that he may be decreed to pay to her the said $322.85, with the lawful interest due thereon. The defendant demurred to the complainant's bill for want of equity, which was sustained by the court, and the complainant excepted. The case made by the complainant's bill shows that she had a plain, adequate, and complete remedy in a court of law; therefore there was no error in sustaining the defendant's demurrer thereto.

Let the judgment of the court below be affirmed.